IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHEN PLATO MCRAE,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS/MOTION IN LIMINE<br><br>Case No. 2:16-CR-566 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Dismiss or in the Alternative Motion in Limine to Exclude Testimony. The Court heard oral argument regarding this Motion on May 6, 2019. For the reasons discussed below, the Court will deny the Motion.

Defendant asserts that the government negligently destroyed potentially exculpatory evidence related to a Confidential Human Source ("CHS"). Deputy Watson was involved in acquiring and vetting the CHS and had communications on his phone between himself and CHS. There may also have been communications about the CHS between Deputy Watson and other law enforcement personnel. Deputy Watson has since replaced his phone and failed to preserve his old phone and the relevant content.[1]

Defendant also asserts that the government intentionally failed to create potentially exculpatory evidence by giving the CHS discretion to start and stop recording conversations with

---

[1] Docket No. 153, at 3–4.

Defendant.[2] Defendant argues that because not all of his conversations with the CHS were recorded, the conversations that were recorded cannot be properly understood in context.[3]

Based on these two evidentiary issues, Defendant requests that the case be dismissed, or in the alternative, that the CHS not be allowed to testify and that all communications between the CHS and Mr. McRae be excluded from trial.

The Due Process clause requires "that criminal defendants be afforded a meaningful opportunity to present a complete defense."[4] To protect this right, the Supreme Court "has developed 'what might loosely be called the area of constitutionally guaranteed access to evidence.'"[5] "[T]he government violates a defendant's right to due process when: (1) it destroys evidence whose exculpatory significance is apparent before destruction; and (2) the defendant remains unable to obtain comparable evidence by other reasonably available means."[6] "[I]f the exculpatory value of the evidence is indeterminate and all that can be confirmed is that the evidence was 'potentially useful' for the defense, then a defendant must show that the government acted in bad faith in destroying the evidence."[7]

---

[2] *Id.* at 7.

[3] *Id*.

[4] *California v. Trombetta*, 467 U.S. 479, 485 (1984).

[5] *Id.* (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982)).

[6] *United States v. Bohl*, 25 F.3d 904, 909–10 (10th Cir. 1994) (internal quotation marks omitted).

[7] *Id.* at 910.

Turning first to Deputy Watson's lost phone, Defendant bears the burden of showing that the unpreserved evidence "might be expected to play a significant role in the suspect's defense."[8] Defendant has failed to show that the communication on Deputy Watson's phone would have provided such evidence. Defendant argues that the government had concerns about the credibility of the CHS, and because Deputy Watson was involved in recruiting and vetting the CHS, communications on his phone might have been relevant *Brady/Giglio* evidence.[9] However, the lost communications on Deputy Watson's phone were not "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means."[10]

At issue is the credibility of the CHS. As noted by the Defendant, the government did disclose other evidence showing that at one point the CHS's "reliability [was] still to be determined,"[11] and that the government "maintained heightened concerns about the CHS."[12] Moreover, the credibility of the CHS can be assessed at trial, where both the CHS and Deputy Watson can be called as witnesses.

Because the "exculpatory value of the evidence is indeterminate," the Court must determine whether the government acted in bad faith. The Tenth Circuit has identified five factors to consider in determining whether the government acted in bad faith: (1) the government had been explicitly placed on notice that defendant believed the evidence to be exculpatory; (2) defendant's

---

[8] *United States v. Harry*, 816 F.3d 1268, 1276 (10th Cir. 2016) (quoting *Trombetta*, 467 U.S. at 488).

[9] Docket No. 153, at 3, 6.

[10] *Trombetta*, 467 U.S. at 489.

[11] Docket No. 153, at 2.

[12] *Id.* at 6.

assertion that the evidence was potentially exculpatory was supported with objective, independent evidence and was not merely conclusory; (3) the government still had the evidence within its control when it received notice from the defendant about the evidence's exculpatory value; (4) the evidence disposed of was central to the government's case; and (5) the government offered no innocent explanation for its failure to preserve the evidence.[13]

Defendant offers no evidence to show that Deputy Watson acted in bad faith. The government's explanation of innocent behavior is that Deputy Watson simply "did not recognize the potential need to preserve text messages and failed to copy them before switching phones."[14] "[M]ere negligence on the government's part in failing to preserve such evidence is inadequate for a showing of bad faith."[15] In the absence of any evidence of bad faith, the Court will deny the Motion with respect to the lost phone data.

Regarding the unrecorded conversations, Defendant argues that understanding the recorded conversations in context would require uninterrupted recordings of all conversations.[16] Because the government has not produced the unrecorded conversation (which it cannot, because the recordings do not exist), Defendant asks the Court to dismiss the case or prohibit the CHS from testifying and exclude all related evidence.[17]

---

[13] *Bohl*, 25 F.3d at 911–12.

[14] Docket No. 159, at 6.

[15] *Bohl*, 25 F.3d at 912 (citing *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)).

[16] Docket No. 153, at 7.

[17] *Id.*

The government never made the recordings that Defendant seeks, and "the government is not required to create exculpatory evidence that does not exist."[18] However, a showing of bad faith could support a finding that the Defendant's Due Process rights were violated.[19]

Defendant has not brought anything to the Court's attention to suggest that the unrecorded conversations would have contained exculpatory information. Neither has Defendant offered any evidence that the government failed to record them in bad faith. Therefore, the Court will also deny the Motion with regard to the unrecorded conversations. Although the Court finds no Due Process violation, this Order does not preclude Defendant from filing a motion seeking to exclude this evidence through a motion in limine. Any such motion must be filed by May 13, 2019.

It is therefore,

ORDERED that Defendant's Motion to Dismiss or in the Alternative Motion in Limine to Exclude Testimony (Docket No. 153) is DENIED. The time from the filing of the Motion to the date of this order is excluded from computation under the Speedy Trial Act.[20]

DATED this 7th day of May, 2019.

BY THE COURT:

Ted Stewart
United States District Judge

---

[18] *United States v. Harvey*, 756 F.2d 636, 643 (8th Cir. 1985) (citing *United States v. Sukumolachan,* 610 F.2d 685, 687 (9th Cir.1980)); *See also Werth v. United States*, 493 F. App'x 361, 366 (4th Cir. 2012), *United States v. Gray*, 648 F.3d 562, 567 (7th Cir. 2011).

[19] *See, e.g.*, *Bullock v. Carver*, 297 F.3d 1036, 1056 n.9 (10th Cir. 2002) (considering whether law enforcement acted in bad faith in failing to record conversations).

[20] 18 USC § 3161(h)(1)D).