IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>STEPHEN PLATO MCRAE,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE<br><br>Case No. 2:16-CR-566 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Reduction in Sentence. For the reasons discussed below, the Court will deny the Motion without prejudice.

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Sentencing Commission has issued a policy statement for sentence reductions under this provision. The policy statement provides that the Court may reduce a term of imprisonment under § 3582(c)(1)(A) if, after considering the factors under 18 U.S.C. § 3553(a), the Court determines: (1) extraordinary and compelling reasons warrant release; (2) the

defendant is not a danger to the safety of any other person or to the community; and (3) the reduction is consistent with the policy statement.[1]

Here, the government concedes that Defendant's health conditions, in combination with the COVID-19 pandemic, provide extraordinary and compelling reasons for release. However, the government argues that Defendant's request for release should be denied because Defendant poses a danger to the community. The Court agrees.

Defendant's conduct underlying his conviction demonstrates that Defendant poses a substantial danger to the public. Defendant has also expressed interest in continuing the conduct that led to his current confinement. Based upon this, Defendant has failed to demonstrate that he is not a danger to the community. The Court further finds that Defendant's proposed release plan will not sufficiently mitigate the risk Defendant poses and does little to account for his own health and safety. Therefore, the Court will deny Defendant's Motion. The Court is willing to revisit this issue should conditions at FCI Florence change or should Defendant develop an appropriate release plan.

It is therefore

ORDERED that Defendant's Emergency Motion for Compassionate Release (Docket No. 181) is DENIED WITHOUT PREJUDICE.

DATED this 29th day of June, 2020.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[1] U.S.S.G. § 1B1.13.